WINGATE PRETTYMAM *vs.* PETER D. SHOCKLEY.

A charge that plaintiff was about to run away and defraud his creditors, is actionable, with special damage.

THIS was an action on the case for words. Narr. laying special damage. Plea, not guilty.

The declaration set out, in various forms, a charge that the plaintiff was about to run away from the State, with a view to defraud his creditors; by means whereof the plaintiff's creditors were induced to proceed against him, and break him up.

The plaintiff proved his case as laid; and that sundry of his cre-

ditors were induced by the slander to issue executions and levy on his goods; but they did not proceed to a sale.

The defendant's counsel moved the court to nonsuit the plaintiff; because, 1st. Charging a man with an *intent* to run away is not an actionable slander. The charge must be of some crime liable to punishment. The fraud of creditors referred to in this charge, is not a crime. (2 *Leigh. N. P.* 1350; 1 *Stark. Sland.* 21, 23.) Even the charge of actual running away to defraud creditors, much less the charge of an *intent* to run away, would not be actionable. The charge of an intent to murder would not be actionable, unless some act is coupled with the intent.

2d. The special damage set out in the narr. is, that by reason of the slander, plaintiff's creditors (naming them) were induced to issue and levy their executions, and sell the goods of the defendant; and thus did levy their money. The *proof* is, that though some of these execution creditors issued executions, and levied them, there was no sale; nor did they ever levy the money. 3d. It may be actionable to charge a merchant with a fraud; or a person in any particular capacity with breach of duty in that capacity, if special damage accrues; yet it is not actionable to charge a person, holding no particular relation, with an intent to run away; even though the effect of such charge is to induce the creditors of such person proceed on their claims earlier than they would otherwise do. (1 *Stark. Sland.* 190.) 4th. There is no proof that the issuing the executions in this case did the plaintiff any damage. He was insolvent, and not a cent was recovered. He lost nothing. (10 *Johns. Rep.* 281; 1 *Hall. Rep.* [*N. Y.*] 599.

*The Court.*

BOOTH, *Chief Justice.*—The words laid, if proved, with proof also of special damage, are actionable. The action of slander may be sustained, 1st. On a charge of a crime, (without proof of special damage or malice.) 2d. On charges against persons in a particular profession, (without such proof.) 3d. On charges not actionable of themselves, but which become actionable by reason of special damage sustained. (In which case the special damage must be alledged, and proved as alledged.)

The plaintiff in this case has set out as special damage, that certain creditors (naming them) viz., A. B. C. & D., who would otherwise have forborne and given day and time to said Wingate to pay them, refused to give time and day of payment; but on the contrary, proceeded to levy and make, and did levy and make, their several

debts by sale of the goods of said Wingate Prettyman; and by such sale deprived him of said goods. It is objected that plaintiff cannot recover under this allegation of special damage, because the proof shows that there was no sale of the goods. But may he not recover damages for so much as is proved? If the plaintiff's creditors were by the slander set upon him; and proceeded, when otherwise they would have given time, the damage is proved *so far*, and plaintiff may recover to that extent. He can prove no damage not laid; but it does not follow that he must prove all the damage laid, or fail altogether.

Nonsuit refused; and verdict for plaintiff, six cents damages.

*Ridgely*, for plaintiff.

*Cullen*, for defendant.